# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JAMES HASKLE LUCAS | ) | CASE NO. 07-70186 |
| SHERRY DIANE LUCAS | ) | |
| | ) | CHAPTER 13 |
| DEBTORS. | ) | |
| | ) | |

___

## MEMORANDUM DECISION

Before the Court is the Debtors' Motion For Declaratory Judgment. The Debtors' Motion came for hearing on May 7, 2007. At that time, the Court raised sua sponte whether the Motion presented an actual controversy on which the Court could rule. The Court took the Debtors' Motion under advisement and the parties were given the opportunity to submit briefs on the questions raised by the Motion and the Court. This matter is now ready for decision. For the reasons stated below, the Court will dismiss the Debtors' Motion.

## FINDINGS OF FACT

The Debtors filed the current petition under Chapter 13 on February 5, 2007. Prior to the current petition, the Debtors had a Chapter 13 case, Case No. 05-72402, pending before this Court. Case No. 05-72402 was filed on June 20, 2005 and was dismissed on November 19, 2006, within one year of the current petition.

The Debtors filed a Chapter 13 plan on February 27, 2007. The Debtors' plan provides for the Debtors to make regular monthly contract payments on the mortgage held by Citi Mortgage, Inc. and for the Trustee to cure the existing mortgage arrearage owed to Citi

Mortgage.[1]  The Debtors' plan further provides that "[p]roperty of the estate shall revest in the debtors upon confirmation of the plan."  The Debtors' plan was confirmed on April 12, 2007.

On March 19, 2007, 42 days after the petition date, the Debtors filed a Motion to Extend the Automatic Stay pursuant to § 362(c)(3).  At that time, the Debtors also filed a motion pursuant to Rule 9006(b)(1) seeking to enlarge the time for filing said motion to extend the automatic stay.  These matters came for hearing on April 12, 2007 and were taken under advisement.  After reviewing the applicable case law, Debtors' counsel withdrew both motions on the grounds that Rule 9006(b)(1) does not grant the Court authority to enlarge the statutory deadline imposed by § 362(c)(3) and that the Debtors' Motion to Extend the Automatic Stay was filed after the applicable 30 day deadline imposed by § 362(c)(3).

On April 17, 2007, the Debtors filed the subject Motion For Declaratory Judgment.   The Motion admits that the Court cannot extend the automatic stay pursuant to § 362(c)(3).  The Motion, however, prays for the Court to issue a declaratory judgment holding that § 362(c)(3) terminates the automatic stay with regard to the Debtors but does not terminate the automatic stay with regard to property of the bankruptcy estate.  The Motion does not allege that any creditor has taken steps to foreclose or repossess the Debtors' real or personal property.

At the May 7 hearing on the Motion, at which the only appearances were by Debtors' counsel and the Trustee, the Court questioned Debtors' counsel regarding the appropriateness of the Court deciding the underlying legal questions raised by the Motion in light of the fact that no creditor was alleged to be taking or threatening any collection

---

[1] The Debtors' Chapter 13 plan also provides for the Trustee to cure the existing arrearage on the second mortgage secured by a lien on the Debtors' real property.  These payments will pay the full balance of the second mortgage.

enforcement action against the Debtors and no party in interest had appeared or otherwise asserted a position opposing the Motion. In response, counsel argued that the motion was ripe for a decision because, although it was clear that the automatic stay was no longer in effect with regard to the Debtors, there was a conflict in the existing case law as to whether the automatic stay remained in effect with regard to property of the bankruptcy estate and that the Debtors feared the possibility of creditor action in state court against them or their property. Counsel's oral argument focused on the Debtors' desire to prevent Citi Mortgage from taking "hasty action" and attempting to foreclose on the Debtors' real property without first seeking relief from the automatic stay with regard to the property of the bankruptcy estate. Counsel did not express the belief that Citi Mortgage or any other creditor had taken steps to or intended to foreclose or repossess the Debtors' property.

At the hearing the Trustee expressed no opinion on the matter before the Court, but she subsequently submitted a written response to the Motion. The Trustee's response stated that the Debtors are current with their Chapter 13 plan payments. The Trustee also proffered that the Debtors are current with their mortgage payment and that Citi Mortgage is accepting these payments without reservation. Based on this information, the Trustee argued that regardless of the Court's ruling there would be no immediate harm to the Debtors because Citi Mortgage is bound by the terms of the Debtors' confirmed Chapter 13 plan which provides for the Debtors to cure the current arrearage through their Chapter 13 plan and for the Debtors to make the remaining payments directly to the creditor. The Trustee further argued that although there has been no post-petition delinquency, should one occur the Debtors would retain their contractual rights to notice and the opportunity to cure as well as any other rights under applicable law. The

Trustee also argued that even if the Court reaches the underlying legal questions presented by the Motion, the decision may have no effect on the Debtors' real property because it is unclear whether it is still property of the bankruptcy estate. As the Trustee points out, the Debtors' Chapter 13 plan and the confirmation order provide for all property to revest with the Debtors, thus raising the question whether the Debtors' real property continues to be property of the bankruptcy estate. If that be the case, the Court's decision on the Motion might have no practical effect with respect to the Debtors and their property vis-a-vis the automatic stay.

Although the Court's decision may have no effect on the Debtors' property, the Trustee's response goes on to argue that the Court should reach the underlying legal questions to resolve the important unanswered legal questions, in this District at any rate, as to which the Debtors' Motion seeks a determination. The Trustee argues that the Court has the authority to issue a declaratory judgment on the Motion because the Court can issue declaratory judgments on matters concerning the administration of the estate. The Trustee argues that such matters include determinations of whether the Debtors' real property is property of the bankruptcy estate[2] and whether the stay has terminated pursuant to § 362(c)(3) with regard to this property. The Trustee argues that these questions are appropriate for declaratory judgment because there is a question as to whether the Debtors' real property remained property of the bankruptcy estate post-confirmation. The Trustee argues that a declaratory judgment resolving whether the Debtors' real property remained property of the bankruptcy estate could further reach the question of whether §362(c)(3) affects the automatic stay with regard to property of the bankruptcy estate.

---

[2] The Court notes that the Motion does not seek declaratory relief as this issue.

The Court wishes to express its appreciation for the excellent and very helpful memorandum submitted by the Trustee.

**CONCLUSIONS OF LAW**

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Matters concerning the administration of the estate are "core" bankruptcy matters pursuant to 28 U.S.C. § 157(b)(2)(A).

As the Trustee has correctly argued, this Court has the authority to issue declaratory judgments on matters concerning the administration of the estate under the provisions of 28 U.S.C. § 2201(a). 28 U.S.C. § 2201(a) provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." It is well settled that bankruptcy courts can issue declaratory judgments on matters concerning the administration of the bankruptcy estate under this provision. *See, e.g. McDow v. We the People Forms & Serv. Ctrs., Inc. (In re Douglas)*, 304 B.R. 223, 231 (Bankr. D. Md. 2003)(holding that the court had jurisdiction to issue a declaratory judgment in matters relating to the bankruptcy estate). As such, this Court does not question whether it has authority to issue declaratory judgments on matters similar to those presented by the Motion.

Although the Court has the power to issue declaratory judgments in matters concerning administration of the estate, the Court may not reach the underlying legal questions presented by the Motion because it is bound by 28 U.S.C. § 2201(a)'s requirement that there be

an actual controversy in order to issue a declaratory judgment. When applying 28 U.S.C.

§ 2201(a), the Supreme Court has held that:

> A "controversy" in this sense must be one that is appropriate for judicial determination. . . . The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.

*Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-241 (1937)(citations omitted). *See also Verosol B.V. v. Hunter Douglas, Inc.*, 806 F. Supp. 582, 585 (E.D. Va. 1992)(Citing *Aetna Life Ins. Co.* 300 U.S. at 240-241 for the proposition that there must be an actual controversy to issue a declaratory judgment); *and In re Douglas*, 304 B.R. at 233-234 (Quoting *Aetna Life Ins. Co.* 300 U.S. at 240-241 for the same proposition). In the present case, the Debtors are asking the Court to rule on the proper interpretation and legal effect of § 362(c)(3) in the absence of any demonstrated actual controversy. The record in this matter clearly reflects that no party is contesting the Debtors' understanding that § 362(c)(3) only affects the automatic stay with regard to the Debtors and not with regard to property of the bankruptcy estate. Additionally, the Debtors have not alleged that any creditors have taken or are even contemplating taking steps to foreclose on or repossess the Debtors' property, nor is there any evidence to support such a conclusion. In fact, the Motion states that it is seeking to establish that the automatic stay remains in effect with regard to property of the estate to avoid any "hasty action" that creditors

may take at some point in the future. Furthermore, if, as the Trustee suggests, the Debtors' residence is no longer "property of the bankruptcy estate" but rather property which has revested in the Debtors pursuant to the provisions of the confirmation order, the declaratory judgment sought by the Debtors would be entirely hypothetical and not determinative of any legal rights. The Court notes that if it declines to reach the underlying legal questions, the Debtors' current position will not change because they are, according to the Trustee, in compliance with a confirmed Chapter 13 plan which binds both the Debtors and their creditors and thus allows the current status quo to continue. 11 U.S.C. § 1327(a). As such, the Debtors' Motion is essentially seeking to resolve the hypothetical question of what will happen if the Debtors default on their mortgage or Chapter 13 plan payments and a creditor attempts to foreclose on or repossess collateral without first seeking relief from the automatic stay. Thus, given the current factual circumstances of this case and the hypothetical nature of the questions presented, the Court must conclude that no actual controversy exists. As the Court has concluded that no actual controversy has been alleged or otherwise shown to exist in this matter, the Court will dismiss the Debtors' Motion.

## CONCLUSION

For the reasons stated above, the Court by its separate order will dismiss without prejudice the Debtors' Motion.

This 18th day of May, 2007.

_____
William F. Stone, Jr.
United States Bankruptcy Judge